| | |
|---|---|
| **KEMP JONES, LLP**<br>Don Springmeyer (SBN 1021)<br>Wells Fargo Tower, 17th Floor<br>3800 Howard Hughes Parkway<br>Las Vegas, Nevada 89169<br>Telephone: (702) 385-6000<br>Facsimile: (702) 385-6001<br>d.springmeyer@kempjones.com<br><br>*Proposed Liaison Counsel for the Class* | **LABATON SUCHAROW LLP**<br>Francis P. McConville (*pro hac vice* forthcoming)<br>David J. Schwartz (*pro hac vice* forthcoming)<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477<br>fmcconville@labaton.com<br>dschwartz@labaton.com<br><br>*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class* |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TED SCHLATRE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARATHON DIGITAL HOLDINGS, INC. f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:21-CV-02209-RFB-NJK<br><br>**CLASS ACTION**<br><br>**MOTION OF EVAN DANA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF** |

This Motion is based upon the accompanying Memorandum of Law set forth below; the Declaration of Don Springmeyer ("Springmeyer Decl.") and other documents filed herewith, and such other written or oral argument as may be permitted by the Court. Evan Dana ("Dana") respectfully requests oral argument.

## MEMORANDUM IN SUPPORT OF THE MOTION

Dana respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21 D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Kemp Jones, LLP ("Kemp Jones") as Liaison Counsel for the Class; and (3) for any such further relief as the Court may deem just and proper.

## INTRODUCTION

This case is a proposed class action against Marathon Digital Holdings, Inc. ("Marathon" or the "Company"), and certain of the Company's current and former executive officers and board members (collectively, "Defendants"), arising from Defendants' misrepresentations to investors during the period October 13, 2020 to November 15, 2021, inclusive (the "Class Period").

The Complaint (*see* ECF No. 1) alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 4.[1] Specifically, the Complaint alleges that Defendants made false or misleading statements or failed to disclose that: (i) a Beowulf Joint Venture, as it related to the Hardin Facility, implicated potential regulatory violations, including U.S. securities law violations; (ii) as a result, the Beowulf Joint Venture subjected Marathon to a heightened risk of regulatory scrutiny; (iii) the foregoing was reasonably likely to have a material negative impact on the Company's business and commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 4.

---

[1] References to "¶___" are to paragraphs of the Complaint.

Marathon investors, including Dana, incurred significant losses when, on November 15, 2021, Marathon disclosed that "the Company and certain of its executives received a subpoena to produce documents and communications concerning the Hardin, Montana data center facility[,]" and advised that "the SEC may be investigating whether or not there may have been any violations of the federal securities law."

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff in this action. 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a "rebuttable presumption" that the class member that has filed a complaint or sought lead plaintiff status, with the "largest financial interest in the relief sought by the class," and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," is "most adequate." 15 U.S.C. § 78u4(a)(3)(B)(iii)(1). This presumption can be rebutted upon proof that the presumed most adequate plaintiff "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(11). Dana has substantial financial interest in the litigation, having sustained losses of **$184,571.98**.[2]

Dana has demonstrated his ability to act as a fiduciary to the Class by filing this lead plaintiff motion, and he fully understands the obligations of a Lead Plaintiff under the PSLRA. Moreover, he is willing and able to undertake the responsibilities of Lead Plaintiff to ensure the vigorous prosecution of this action. Accordingly, he has both the incentive and demonstrated ability to supervise and monitor his chosen counsel.

Finally, Dana has selected and retained Labaton Sucharow to serve as Lead Counsel for the Class, a firm with substantial experience successfully prosecuting securities class actions. Accordingly, Dana respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of Lead Counsel, and otherwise grant his motion.

---

[2] A copy of the movant's PSLRA Certification is attached as Exhibit A to the Declaration of Don Springmeyer (the "Springmeyer Decl."), submitted herewith. The PSLRA Certification sets forth his relevant transactions in Marathon securities. In addition, a table reflecting Dana's financial losses ("Loss Analysis") is attached as Exhibit B to the Springmeyer Decl.

# ARGUMENT

## I. SUMMARY OF THE ACTION[3]

This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Marathon securities between October 13, 2020 and November 15, 2021, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. ¶ 1. Marathon is a digital asset technology company that mines cryptocurrencies with a focus on the blockchain ecosystem and the generation of digital assets in U.S. The Company was formerly known as "Marathon Patent Group, Inc." and changed its name to "Marathon Digital Holdings, Inc." on March 1, 2021. ¶ 2. In October 2020, Marathon announced the formation of a new joint venture with Beowulf Energy LLC ("Beowulf") purportedly focused on delivering low-cost power to Marathon's Bitcoin mining operations (the "Beowulf Joint Venture"). In connection with that joint venture, Marathon entered into a series of agreements with multiple parties to design and build a data center in Hardin, Montana (the "Hardin Facility"), issuing 6 million shares of its common stock to the parties of those agreements. ¶ 3.

Throughout the Class Period, Defendants allegedly made materially false and misleading statements regarding the Company's business, operations, and compliance policies. The Complaint alleges that Defendants made false or misleading statements or failed to disclose that: (i) the Beowulf Joint Venture, as it related to the Hardin Facility, implicated potential regulatory violations, including U.S. securities law violations; (ii) as a result, the Beowulf Joint Venture subjected Marathon to a heightened risk of regulatory scrutiny; (iii) the foregoing was reasonably likely to have a material negative impact on the Company's business and commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 4. On November 15, 2021, Marathon disclosed that "the Company and certain of its executives received a subpoena to produce documents and communications concerning the

---

[3] The factual recitation herein is taken from the Complaint. *See* ECF No. 1.

Hardin, Montana data center facility[,]" and advised that "the SEC may be investigating whether or not there may have been any violations of the federal securities law." ¶ 5. On this news, Marathon's stock price fell $20.52 per share, or 27.03%, to close at $55.40 per share on November 15, 2021. ¶ 6.

As a result of Defendants' alleged wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Dana and other Class members have suffered significant losses and damages. *See* ¶ 7.

## II. DANA SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 or 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). This notice must advise putative class members as to the "pendency of the action, the claims asserted therein, and the purported class period," and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice ... ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). Dana meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### A. Dana Timely Moved for Lead Plaintiff

Dana timely filed this motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in this action against Defendants caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely-circulated, national, business-oriented news wire service, on December 17, 2021. *See* Notice, Springmeyer Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before February 15, 2022. Accordingly, Dana's motion is properly before the Court for consideration.

### B. Dana Has the Largest Financial Interest

Dana purchased Marathon securities during the Class Period and suffered losses of **$184,571.98** in connection with his purchases. *See* Springmeyer Decl., Ex. B. Therefore, Dana has a substantial financial interest in the relief sought by the class and he is not aware of a competing movant with a larger loss.

### C. Dana Satisfies the Rule 23 Requirements

In addition to having the largest financial interest, a lead plaintiff must also "otherwise 5atisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the interests of the proposed representative and those of the class and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Dana satisfies these requirements.

1  Dana's claims are typical because, like all class members, he purchased Marathon stock and suffered harm as a result of defendants' alleged violations of the Exchange Act. *See* Springmeyer Decl., Exs. A-B. Dana's claims arise from the same course of events as the claims of all class members and will require similar (if not identical) legal arguments to prove defendants' liability. Thus, Dana satisfies the typicality requirement of Rule 23(a)(3).

Dana is also adequate. His substantial financial interest in the outcome of the action demonstrates that his interests are perfectly aligned with those of the putative class. *See id.* Moreover, Dana is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses. Finally, as discussed below, he has selected qualified counsel experienced in securities litigation.

As detailed in the Declaration of Evan Dana, Dana determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors. *See* Springmeyer Decl., Ex. D. Dana is aware of the fiduciary duties he will assume if appointed as Lead Plaintiff, including the selection and continued oversight of counsel. *Id.* Dana has already taken steps in directing counsel, including through the negotiation of a retainer agreement should the Action settle. *Id.*

Accordingly, based on his common interests shared with the class, substantial financial interest in the outcome of this litigation, and his selection of qualified counsel, Dana has satisfied the requirements of Rule 23.

### III.   THE COURT SHOULD APPROVE DANA'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733. Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class." H.R. Conf. Rep. No.

104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Dana has selected Labaton Sucharow, a highly qualified securities law firm, to serve as Lead Counsel for the proposed class. Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008. Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Springmeyer Decl., Ex. E.

Likewise, Kemp Jones is well qualified to represent the Class as Liaison Counsel. Kemp Jones maintains an office in Las Vegas, Nevada, and the firm has substantial litigation experience in this District. Thus, the firm is well-qualified to represent the Class as Liaison Counsel. *See* Manual For Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Thus, the Court may be assured that by granting this motion and approving Dana's selection of Labaton Sucharow as Lead Counsel and Kemp Jones as Liaison Counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Dana respectfully requests that the Court: (1) appoint Evan Dana as Lead Plaintiff and (2) approve the selection of Labaton Sucharow as Lead Counsel and Kemp Jones as Liaison Counsel for the Class.

DATED: February 15, 2022                    Respectfully submitted,

/s/ Don Springmeyer

**KEMP JONES, LLP**
Don Springmeyer (SBN 1021)
Wells Fargo Tower, 17th Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile: (702) 385-6001
d.springmeyer@kempjones.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Proposed Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, a true and correct copy of this **MOTION OF EVAN DANA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF** and supporting papers were served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ *Don Springmeyer*
Don Springmeyer