**THE O'MARA LAW FIRM, P.C.**
David C. O'Mara
311 East Liberty St.
Reno, Nevada 89501
Tel: 775-323-1321
Fax: 775-323-4082
Email: david@omaralaw.net

**LEVI & KORSINSKY, LLP**
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for Movant Cory Jay Wiedel*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TAD SCHLATRE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC. f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>Defendants. | Case No. 2:21-cv-02209-RFB-NJK<br><br>**CORY JAY WIEDEL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES** |

COME NOW Cory Jay Wiedel ("Movant"), by and through his counsel, hereby respectfully moves this Court for an Order: (1) appointing him as lead plaintiff pursuant to 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving his selection of Levi & Korsinsky, LLP as Lead Counsel and The O'Mara Law Firm, P.C. as Liaison Counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. In support of this Motion, Movant respectfully submits the following memorandum of points and authorities, the Declaration of David C. O'Mara, and the Court's complete files and records in this Action, as well as such further

1  argument as the Court may allow at a hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENT ................................................................................................ 1

II. STATEMENT OF FACTS ...................................................................................................... 1

III. ARGUMENT ........................................................................................................................... 3

    A. Movant's Appointment as Lead Plaintiff Is Appropriate. ................................................. 3

        1. The Procedure Required by the PSLRA .......................................................................... 3

            a. Movant Is Willing to Serve as a Class Representative. ........................................ 4

            b. Movant Has the Largest Financial Interest in the Relief Sought by the Class. ...... 4

        2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. .................................................................................................................... 5

            a. Movant's Claims Are Typical of the Claims of All Class Members. ................... 6

            b. Movant Will Adequately Represent the Class ....................................................... 7

    B. Approval of Movant's Choice of Counsel Is Appropriate. ................................................ 8

IV. CONCLUSION ........................................................................................................................ 9

iii

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ................... 4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................ 1, 4, 5

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ...................................................................................................... 7

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) ...................................................................................................... 7

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................. 6

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ................................................................................................................... 6

*Gold v. Lumber Liquidators, Inc.*,
  323 F.R.D. 280 (N.D. Cal. 2017) ............................................................................................ 6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................................. 6

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................................... 6

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004) ................................................................................................ 5

*Hessefort v. Super Micro Computer, Inc*,
  317 F.Supp.3d 1056 (N.D. Cal. 2018) ................................................................................... 5

*In re MGM Mirage Secs. Litig.*,
  No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061 (D. Nev. Oct. 25,
  2010) ..................................................................................................................................... 6, 7

*In re Milestone Sci. Sec. Litig.*,
 183 F.R.D. 404 (D.N.J. 1998) ............................................................................................... 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................. 6

*Robidoux v. Celani*,
 987 F.2d 931 (2d Cir. 1993) ................................................................................................. 6

*Stocke v. Shuffle Master, Inc.*,
 2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535 (D. Nev. Nov. 30, 2007) .............. 7

*Veal v. LendingClub Corporation*,
 2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................................ 5

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................... 1, 5, 6, 7

v

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK

## I. SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Marathon Digital Holdings, Inc. f/k/a Marathon Patent Group, Inc. ("Marathon" or the "Company") securities between October 13, 2020 and November 15, 2021, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Cory Jay Wiedel ("Movant") lost approximately $494,650.28 in losses using a last-in-first-out ("LIFO") analysis.[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) he be appointed Lead Plaintiff; and (2) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and The O'Mara Law Firm, P.C. ("O'Mara Law") as Liaison Counsel, be approved.

## II.      STATEMENT OF FACTS[3]

Marathon is a digital asset technology company that mines cryptocurrencies with a focus

---

[1] Movant's certification identifying his transactions in Marathon, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of David C. O'Mara ("O'Mara Decl."), as Exhibits A and B, respectively.

[2] The "Class" is comprised of persons and entities that purchased or otherwise acquired securities during the Class Period.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws (the "*Schlatre* Complaint") filed in the action captioned *Schlatre v. Marathon*

on the blockchain ecosystem and the generation of digital assets in U.S. ¶ 2. The Company was formerly known as "Marathon Patent Group, Inc." and changed its name on March 1, 2021 to "Marathon Digital Holdings, Inc." *Id.*

In October 2020, Marathon announced the formation of a new joint venture with Beowulf Energy LLC ("Beowulf") purportedly focused on delivering low-cost power to Marathon's Bitcoin mining operations (the "Beowulf Joint Venture"). ¶ 3. The Company entered into a series of agreements with multiple parties to design and build a data center in Hardin, Montana (the "Hardin Facility") in connection with that joint venture, issuing 6 million shares of its common stock to the parties of those agreements. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Beowulf Joint Venture, as it related to the Hardin Facility, implicated potential regulatory violations, including U.S. securities law violations; (ii) as a result, the Beowulf Joint Venture subjected Marathon to a heightened risk of regulatory scrutiny; (iii) the foregoing was reasonably likely to have a material negative impact on the Company's business and commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On November 15, 2021, Marathon disclosed that "the Company and certain of its executives received a subpoena to produce documents and communications concerning the Hardin, Montana data center facility[,]" and advised that "the SEC may be investigating whether or not there may have been any violations of the federal securities law." ¶ 5.

In response to this news, the Company's stock price declined 27.03%, or $20.52 per share, to close on November 15, 2021 at $55.40 per share. ¶ 6.

---

*Digital Holdings, Inc. f/k/a Marathon Patent Group, Inc., et al.*, 2:21-cv-02209-RFB-NJK (D. Nev. Dec. 17, 2021) (the "*Schlatre* Action"). The facts set forth in the *Schlatre* Complaint are incorporated herein by reference.

### III.   ARGUMENT

#### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

##### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

>    (aa)   has either filed the complaint or made a motion in response to a notice;
>    (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>    (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate

plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant Is Willing to Serve as a Class Representative.

On December 17, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Marathon and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[8]

Movant has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* O'Mara Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Marathon securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $494,650.28 under a LIFO analysis. *See* O'Mara Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the

---

[8] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit C to the O'Mara Decl.

best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *see also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

**a. Movant's Claims Are Typical of the Claims of All Class Members.**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re MGM Mirage Secs. Litig.,* No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at *8 (D. Nev. Oct. 25, 2010); *see also In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situation shares a common issue of law or fact. *See MGM Mirage,* 2010 U.S. Dist. LEXIS 120061, at *8 ("The lead plaintiff's claims need not, however, be identical, or even substantially identical, to the claims of the class in order to satisfy typicality.") (quoting *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Marathon securities during the Class Period and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover are similar to those of other Class members and his losses result from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*,

6

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK

282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). "The test for adequacy is: '(1) whether the interests of the class representatives coincide with those of the class, and (2) whether the class representative has the ability to prosecute the action vigorously.'" *MGM Mirage*, 2010 U.S. Dist. LEXIS 120061, at *8 (quoting *Stocke v. Shuffle Master, Inc.*, 2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535, at *3 (D. Nev. Nov. 30, 2007)).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be

1 appointed as such to lead the Action.

2     Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for twelve years. He resides in Omaha, Nebraska, and possesses a Bachelor of Science in Agriculture. Movant is currently self-employed as the owner of Smash My Trash, in Omaha, Nebraska, overseeing two employees. Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* O'Mara Decl., Ex. D, Movant's Declaration in support of his motion.

### B. Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Levi & Korsinsky as Lead Counsel and O'Mara Law as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* O'Mara Decl., Ex. E and F. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

//
/
//
//
//
//
//

*[Signature on Following Page]*

8

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel and O'Mara Law as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 15, 2022　　　　　　　　Respectfully submitted,

**THE O'MARA LAW FIRM, P.C.**

*/s/ David C. O'Mara*
David C. O'Mara
311 East Liberty St.
Reno, Nevada 89501
Tel: 775-323-1321
Fax: 775-323-4082
Email: david@omaralaw.net

*Liaison Counsel for Cory Jay Wiedel and [Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Cory Jay Wiedel and [Proposed] Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ David C. O'Mara
David C. O'Mara

INDEX OF EXHIBITS

| Exh No. | Description | Pages |
|---|---|---|
|  | Proposed Order | 3 |
|  | Declaration of David C. O'Mara | 2 |
| A | Certification of Plaintiff | 8 |
| B | Loss Chart | 5 |
| C | PSLRA Notice | 5 |
| D | Signed Declaration in Support of Lead Plaintiff | 4 |
| E | Firm Résumé- Levi & Korinsky, LLP | 64 |
| F | Firm Résumé- The O'Mara Law Firm, P.C. | 5 |

11

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK