# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAD SCHLATRE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC. f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>Defendants. | Case No. 2:21-cv-02209-RFB-NJK<br><br>**[PROPOSED] ORDER GRANTING MOTION OF CORY JAY WIEDEL FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL** |

Having considered the papers filed in support of the Motion of Cory Jay Wiedel ("Movant") for: (1) Appointment as Lead Plaintiff; and (2) Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

**I.  APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

1. Movant has moved this Court to be appointed as Lead Plaintiff in the Action and to approve the counsel he retained to be Lead Counsel and Liaison Counsel.

2. Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the Class.

3. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm Levi & Korsinsky, LLP to serve as Lead Counsel and The O'Mara Law Firm, P.C. as Liaison Counsel. The Court approves Movant's selection of Lead Counsel and Liaison Counsel for the Action.

4. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

  a. to coordinate the briefing and argument of any and all motions;
  b. to coordinate the conduct of any and all discovery proceedings;
  c. to coordinate the examination of any and all witnesses in depositions;
  d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;
  e. to call meetings of the plaintiff's counsel as they deem necessary and appropriate from time to time;
  f. to coordinate all settlement negotiations with counsel for defendants;
  g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;
  h. to coordinate the preparation and filings of all pleadings; and
  i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

5. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

6. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

7. Lead Counsel shall be the contact between plaintiff's counsel and defendants' counsel, as well as the spokespersons for all plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel. Lead Counsel shall be the contact between the Court and plaintiff and his counsel.

## II.   NEWLY FILED OR TRANSFERRED ACTIONS

8. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

9. file a copy of this Order in the separate file for such action;

10. deliver a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

11. make the appropriate entry on the docket for this action.

12. Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE