John P. Aldrich, Esq. (Resident Counsel)
Nevada State Bar #6877
Aldrich Law Firm, Ltd.
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel: (702) 853-5490
jaldrich@johnaldrichlawfirm.com

*Liaison Counsel for [Proposed]
Lead Plaintiff Carlos Marina*

Reed R. Kathrein (to be admitted *pro hac vice*)
Lucas E. Gilmore (to be admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed]
Lead Plaintiff Carlos Marina*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TAD SCHLATRE, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC., f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>Defendants. | Case No.: 2:21-cv-02209-RFB-NJK<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION TO APPOINT CARLOS MARINA AS LEAD PLAINTIFF, AND APPROVE HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>ORAL ARGUMENT REQUESTED |

1  TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that class member Carlos Marina ("Movant" or "Mr. Marina") by his counsel, will and hereby does respectfully move this Court for an order: (1) appointing Movant as Lead Plaintiff for the class pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78u-4(a)(3)(B)); and (2) approving his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and the Aldrich Law Firm, Ltd. as Liaison Counsel.

This motion is based upon this motion, the supporting memorandum of points and authorities, the declaration of John P. Aldrich in support thereof, the pleadings and records in each of these actions and such other written or oral argument as may be presented to the Court.

WHEREFORE, Movant respectfully request that the Court: (1) appoint Movant as the Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act; (2) approve his selection of Lead and Liaison Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

This action is on behalf of all persons who purchased the publicly traded securities of defendant Marathon Digital Holdings, Inc. f/k/a Marathon Patent Group, Inc. ("Marathon" or the "Company") between October 13, 2020 and November 15, 2021, both dates inclusive (the "Class Period").  The complaint alleges violations of sections 10(b) and 20(a) of the Exchange Act as amended by the Private Securities Litigation Reform Act of 1995 ("PSRLA"), 15 U.S.C. §§ 78j(b) and 78 (t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Pursuant to the PSLRA, Movant should be selected as lead plaintiff because, to the best of his knowledge, he has the largest financial interest in the relief sought by the class. In addition, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical and he will fairly and adequately represent the class' interests.  In accordance with the PSLRA, Movant's selection of Lead and Liaison Counsel should be approved.

### II.   BACKGROUND

Marathon is a Nevada corporation with principal executive offices located in Las Vegas.  The Company operates in the digital asset technology industry, mining for cryptocurrencies with a focus on the blockchain ecosystem and the generation of digital assets in U.S. The Company was formerly known as "Marathon Patent Group, Inc." and changed its name to "Marathon Digital Holdings, Inc." on March 1, 2021.  The Company's common stock trades on the Nasdaq Capital Market ("NASDAQ") under the trading symbol "MARA."

In October 2020, Marathon announced the formation of a new joint venture with Beowulf Energy LLC ("Beowulf") purportedly focused on delivering low-cost power to

Marathon's Bitcoin mining operations (the "Beowulf Joint Venture"). In connection with that joint venture, Marathon entered into a series of agreements with multiple parties to design and build a data center in Hardin, Montana (the "Hardin Facility"), issuing 6 million shares of its common stock to the parties of those agreements.

The Complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants mispresented and omitted to disclose that: (i) the Beowulf Joint Venture, as it related to the Hardin Facility, implicated potential regulatory violations, including U.S. securities law violations; (ii) as a result, the Beowulf Joint Venture subjected Marathon to a heightened risk of regulatory scrutiny; (iii) the foregoing was reasonably likely to have a material negative impact on the Company's business and commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

The truth emerged on November 15, 2021, when Marathon disclosed that "the Company and certain of its executives received a subpoena to produce documents and communications concerning the Hardin, Montana data center facility[,]" and advised that "the SEC may be investigating whether or not there may have been any violations of the federal securities law."

On this news, Marathon's stock price fell $20.52 per share, or 27.03%, to close at $55.40 per share on November 15, 2021.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### III.  LEGAL ANALYSIS

**A.  The PSLRA's Lead Plaintiff Provisions**

The Private Securities Litigation Reform Act (the "PSLRA") establishes the procedure for the appointment of lead plaintiffs in class actions under the Securities and Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(1), (a)(3)(B)(i).

*First*, the plaintiff who initiated the action must publish notice to the purported class members, informing them of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A).

*Second*, within sixty days of the notice publication, a member of the proposed class may move for the appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Within ninety days after the publication of the notice, the Court shall consider any motion from a purported class member and shall appoint as lead plaintiff a member of the purported class that the court deems capable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(A)(B). The Court must then determine the most adequate plaintiff. The PSLRA:

> shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[1]

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (the most capable plaintiff is the one with the greatest financial stake in the outcome

---

[1] 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added); *Cavanaugh*, 306 F.3d at 729-30.

of the case and meets the requirements of Rule 23). The presumption may be rebutted upon proof that the "presumptively most adequate plaintiff ... will not fairly or adequately protect the interests of the class; or ... is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The time period in which class members may move to be appointed lead plaintiff in this case expires on February 15, 2022.[2] Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Movant timely moved this Court to be appointed as lead plaintiff on behalf of all members of the class. In addition, he has selected and retained counsel experienced in the prosecution of securities class actions to represent him and the class.[3] Accordingly, Movant satisfies the PSLRA's filing requirements and is entitled to have his application for appointment as lead plaintiff considered by the Court.

**B.    Movant Is the "Most Adequate Plaintiff"**

**1.    Movant Has the Largest Financial Interest in the Relief Sought by the Class**

Movant lost approximately $473,905.41 in connection with his Class Period purchases of Marathon securities. To the best of his knowledge, this represents the largest known financial interest in the relief sought by the Class.

**2.    Movant Satisfies Rule 23**

When selecting lead plaintiffs and approving selection of counsel, the Court focuses on whether the movants seeking to be named as lead plaintiffs satisfy the "typicality" and "adequacy" prerequisites to class certification. *In re Cavanaugh*, 306 F.3d at 730. "Although the inquiry at this stage of the litigation is not as searching as the one triggered

---

[2]    *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).
[3]    *See* Aldrich Decl., Exs. B and C.

by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor[s]." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (internal citation omitted). For the reasons below, Movant make the preliminary showings necessary to satisfy the typicality and adequacy requirements of Rule 23.

### a. Movant is Typical

Typicality is determined by "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation marks omitted). Under Rule 23's "permissive standards, representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (internal citation and quotation marks omitted).

Here, Movant's claims are typical of the class. That is, Movant, like the other members of the Class, acquired Marathon securities during the Class Period and was damaged thereby. Thus, Movants' claims are typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover are similar to those of other Class members and their losses result from the defendants' common course of conduct. Accordingly, Movant satisfies Rule 23's typicality requirement.

### b. Movant is Adequate

Class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The determination of adequate representation focuses around two questions: (1) whether the interests of the class representative coincide with those of the

class, and (2) whether the class representative has the ability to prosecute the action vigorously." *Stocke v. Shuffle Master, Inc.*, 2007 WL 4262723, at *3 (D. Nev. Nov. 30, 2007) (internal citations omitted).

Movant's interests coincide with those of the other class members as Movant seeks to hold Defendants liable for alleged violations of federal securities laws. Further, Movant claims he will prosecute this action vigorously on behalf of the class and, to that end, he has submitted a declaration attesting to his education history, occupation, and investment experience, as well as to his understanding and commitment to fulfil the responsibilities and duties of lead plaintiff. Aldrich Decl., Ex. E. Thus, Movant satisfies Rule 23's adequacy requirement.

**C.    Movant's Choice of Counsel Should be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. ¶ 78u-4(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); see also *Cavanaugh*, 306 F.3d at 734. Movant has selected Hagens Berman as Lead Counsel for the class. Hagens Berman is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Aldrich Decl., Ex. B.

If this motion is granted, Hagens Berman will provide members of the class with the highest caliber of representation available. In addition, the Aldrich Law Firm, Ltd. has ample experience in complex litigation in Nevada and throughout the country. *See, e.g., Daniels Fam. 2001 Revocable Tr. v. Las Vegas Sands Corp.*, 2021 WL 41301, at *3 (D. Nev. Jan. 5, 2021) (appointing the Aldrich Law Firm, Ltd. liaison counsel in securities class

action). Accordingly, the Court should approve Movant's selection of Lead Counsel and Liaison Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Hagens Berman as Lead Counsel and the Aldrich Law Firm, Ltd. as Liaison Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: February 15, 2022          ALDRICH LAW FIRM, LTD

By      /s/ John P. Aldrich
John P. Aldrich, Esq.
NV Bar No. 6877
7866 West Sahara Ave.
Las Vegas NV 89117
Tel. 702.853.5490
Fax. 702.227.1975
Email: jaldrich@johnaldrichlawfirm.com

*Liaison Counsel for [Proposed] Lead Plaintiff Carlos Marina*

Reed R. Kathrein (to be admitted *pro hac vice*)
Lucas E. Gilmore (to be admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (to be admitted *pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Carlos Marina and [Proposed] Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

**ALDRICH LAW FIRM, LTD.**

*/s/John P. Aldrich*
John P. Aldrich, Esq.