ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

*Counsel for Tad Schlatre and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
jalieberman@pomlaw.com

*Counsel for Tad Schlatre and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAD SCHLATRE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC. f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>Defendants. | No.: 2:21-cv-02209-RFB-NJK<br><br>**MOTION OF TAD SCHLATRE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

COMES NOW TAD SCHLATRE ("Schlatre"), by and through his counsel of record, and respectfully submits this motion, pursuant to Section 21D(a)(3)(B) of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Schlatre as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Marathon Digital Holdings, Inc. f/k/a Marathon Patent Group, Inc. ("Marathon" or the "Company") securities between October 13, 2020 and November 15, 2021, both dates inclusive (the "Class Period") (the "Class"); and (ii) approving of Schlatre's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Muehlbauer Law Office, Ltd. ("Muehlbauer Law") as Liaison Counsel for the Class.

In support of this motion, Schlatre submits a Memorandum of Points and Authorities, the Declaration of Andrew Muehlbauer ("Muehlbauer Decl.") submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 3

    A.    SCHLATRE SHOULD BE APPOINTED LEAD PLAINTIFF ...................... 3

        1.    Schlatre Is Willing to Serve as Class Representative ................................ 4

        2.    Schlatre Has the "Largest Financial Interest" ............................................ 5

        3.    Schlatre Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................................. 6

        4.    Schlatre Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................ 8

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........................................................................................................ 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Curry v. Yelp Inc.*,
 Nos. 14-cv-03547-JST *et al.*, 2014 U.S. Dist. LEXIS 161042
 (N.D. Cal. Nov. 16, 2014) ................................................................................................8

*Hanon v. Dataproducts Corp.*,
 976 F.2d 497, 508 (9th Cir. 1992) ....................................................................................6

*In re AudioEye, Inc.*,
 No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348
 (D. Ariz. July 31, 2015) ...................................................................................................6

*In re Cavanaugh*,
 306 F.3d 726, 733 (9th Cir. 2002) ....................................................................................9

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) .............................................................................................5

*In re Comverse Tech., Inc., Sec. Litig.*,
 No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878
 (E.D.N.Y. Mar. 2, 2007) ...............................................................................................5, 9

*In re MGM Mirage Secs. Litig.*,
 No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061
 (D. Nev. Oct. 25, 2010) ................................................................................................6, 7

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................5

*Knox v. Yingli Green Energy Holding Co.*,
 136 F. Supp. 3d 1159 (C.D. Cal. Oct. 6, 2015) ................................................................5

*Lax v. First Merchants Acceptance Corp.*,
 Nos. 97 C 2715 *et seq.,* 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............5

*Robb v. Fitbit Inc.*,
 No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ..............5

*Stocke v. Shuffle Master, Inc.*,
 No. 2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535
 (D. Nev. Nov. 30, 2007) ...................................................................................................7

*Wenderhold v. Cylink Corp.*,
    188 F.R.D. 577, 587 (N.D. Cal. 1999) .................................................................................. 6

**Statutes**

15 U.S.C. § 78j(b) ............................................................................................... *passim*

15 U.S.C. § 78t(a) ............................................................................................... *passim*

15 U.S.C. § 78u-4 ............................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................. *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The above-captioned action (the "Action") alleges that, during the Class Period, Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and United States ("U.S.") Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Marathon investors, including Schlatre, incurred significant losses following Marathon's disclosure on November 15, 2021 that the Company and certain of its executives received a subpoena to produce documents and communications concerning a data center facility, and that the SEC may be investigating whether or not there may have been any violations of the federal securities law. *See* Dkt. No. 1 (the "Complaint") ¶ 5. Following this disclosure, Marathon's stock price fell sharply, damaging Schlatre and other investors. *Id.* ¶ 6.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Schlatre, having incurred losses of $38,529 in connection with his Class Period purchases of Marathon securities, believes that he has the largest financial interest in the relief sought in this Action. *See* Muehlbauer Decl., Exhibit ("Ex.") A.

In addition to asserting the largest financial interest in this litigation, Schlatre also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Schlatre has selected Pomerantz as Lead Counsel for the Class. Pomerantz is

highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Schlatre has also selected the highly respected Muehlbauer Law, a firm with significant experience in securities class action matters, with its principal offices in this Judicial District, to serve as Liaison Counsel for the Class.

Accordingly, based on Schlatre's significant financial interest and his commitment and ability to oversee this litigation, Schlatre respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selections of counsel.

## STATEMENT OF FACTS

Marathon is a digital asset technology company that mines cryptocurrencies with a focus on the blockchain ecosystem and the generation of digital assets in the U.S. Complaint ¶ 2. The Company was formerly known as "Marathon Patent Group, Inc." and changed its name to "Marathon Digital Holdings, Inc." on March 1, 2021. *Id*.

In October 2020, Marathon announced the formation of a new joint venture with Beowulf Energy LLC ("Beowulf") purportedly focused on delivering low-cost power to Marathon's Bitcoin mining operations (the "Beowulf Joint Venture"). *Id.* ¶ 3. In connection with that joint venture, Marathon entered into a series of agreements with multiple parties to design and build a data center in Hardin, Montana (the "Hardin Facility"), issuing 6 million shares of its common stock to the parties of those agreements. *Id*.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Beowulf Joint Venture, as it related to the Hardin Facility, implicated potential regulatory

violations, including U.S. securities law violations; (ii) as a result, the Beowulf Joint Venture subjected Marathon to a heightened risk of regulatory scrutiny; (iii) the foregoing was reasonably likely to have a material negative impact on the Company's business and commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id*.

On November 15, 2021, Marathon disclosed that "the Company and certain of its executives received a subpoena to produce documents and communications concerning the Hardin, Montana data center facility[,]" and advised that "the SEC may be investigating whether or not there may have been any violations of the federal securities law." *Id.* ¶ 5.

On this news, Marathon's stock price fell $20.52 per share, or 27.03%, to close at $55.40 per share on November 15, 2021. *Id.* ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* ¶ 7.

## ARGUMENT

### A.     SCHLATRE SHOULD BE APPOINTED LEAD PLAINTIFF

Schlatre should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in this Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Schlatre satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Schlatre Is Willing to Serve as Class Representative

On December 17, 2021, Pomerantz, counsel for the plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that this Action had been filed against Defendants, and which advised investors in Marathon securities that they had until February 15, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as Lead Plaintiff. *See* Muehlbauer Decl., Ex. B.

Schlatre has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to

provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Schlatre satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Schlatre Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of Schlatre's knowledge, he has the largest financial interest of any Marathon investor seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et seq.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (adopting test set forth in *Lax*).[1] Courts in the Ninth Circuit have expressly assessed financial interest with reference to the *Lax* factors. *See, e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. Oct. 6, 2015).

During the Class Period, Schlatre: (1) purchased 3,188 shares of Marathon securities; (2) expended $171,151 on his purchases of Marathon securities; (3) retained 1,002 of his shares of Marathon securities; and (4) as a result of the disclosures of the fraud, suffered losses of $38,529 in connection with his transactions in Marathon securities during the Class Period. *See*

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc., Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

Muehlbauer Decl., Ex. A.  To the extent that Schlatre possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Schlatre Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, "[a]t the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate."  *In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB (LEAD), 2015 U.S. Dist. LEXIS 193348, at *8 (D. Ariz. July 31, 2015) (quoting *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999)).

"The test for typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' The lead plaintiff's claims need not, however, be identical, or even substantially identical, to the claims of the class in order to satisfy typicality."  *In re MGM Mirage Secs. Litig.*, No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at *8 (D. Nev. Oct. 25, 2010) (internal citations omitted) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Schlatre are typical of those of the Class.  Schlatre alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Marathon, or by

omitting material facts necessary to make the statements they did make not misleading. Schlatre, like all Class members, purchased Marathon securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions, was damaged upon the disclosure of those misrepresentations or omissions that drove Marathon's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"The test for adequacy is: '(1) whether the interests of the class representatives coincide with those of the class, and (2) whether the class representative has the ability to prosecute the action vigorously.'" *MGM*, 2010 U.S. Dist. LEXIS 120061, at *8 (quoting *Stocke v. Shuffle Master, Inc.*, No. 2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535, at *3 (D. Nev. Nov. 30, 2007)). Schlatre is an adequate representative for the Class. Schlatre is aware of no antagonism between his interests and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure his vigorous prosecution of the Action.

Further demonstrating his adequacy, Schlatre has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Muehlbauer Decl., Ex. D.

Finally, as set forth in greater detail below, Schlatre has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choices of Pomerantz and Muehlbauer Law to the Court for approval as

Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Schlatre Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Schlatre as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

  (aa) will not fairly and adequately protect the interests of the class; or

  (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Schlatre to fairly and adequately represent the Class has been discussed above. Schlatre is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Schlatre should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Curry v. Yelp Inc.*, Nos. 14-cv-03547-JST *et al.*, 2014 U.S. Dist. LEXIS 161042, at *8 (N.D. Cal. Nov. 16, 2014) ("A district court will only interfere with the lead plaintiff's choice of counsel if that choice 'is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that

plaintiff's willingness or ability to perform the functions of lead plaintiff.'" (quoting *In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002))).

Schlatre has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Muehlbauer Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

Muehlbauer Law is well qualified to serve as Liaison Counsel in this Action. As its firm resume reflects, Muehlbauer Law's principal office is in Las Vegas, Nevada, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. Muehlbauer Law has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Schlatre's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Schlatre's selection of Pomerantz

as Lead Counsel and Muehlbauer Law as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Schlatre respectfully urges the Court to appoint Pomerantz and Muehlbauer Law to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

## CONCLUSION

For the foregoing reasons, Schlatre respectfully requests that the Court issue an Order: (1) appointing Schlatre as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz to serve as Lead Counsel and Muehlbauer Law as Liaison Counsel for the Class.

Dated: February 15, 2022

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Facsimile: 702-825-0141
andrew@mlolegal.com

*Counsel for Tad Schlatre and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
jalieberman@pomlaw.com

*Counsel for Tad Schlatre and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer