ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@mlolegal.com

CHARLES H. LINEHAN (*pro hac vice forthcoming*)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Pathma Venasithamby*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TAD SCHLATRE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MARATHON DIGITAL HOLDINGS, INC. f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>    Defendants. | Case No. 2:21-cv-02209-RFB-NJK<br><br>**MOTION OF PATHMA VENASITHAMBY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

# MOTION OF PATHMA VENASITHAMBY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Pathma Venasithamby ("Venasithamby") hereby moves this Court for entry of an Order: (i) appointing Venasithamby as Lead Plaintiff; (ii) approving Venasithamby's selection of Glancy Prongay & Murray LLP as Lead Counsel and Muehlbauer Law Office, Ltd. as Liaison Counsel for the class; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). In support of this Motion, Venasithamby submits a Memorandum of Points and Authorities in support thereof and the Declaration of Andrew R. Muehlbauer and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Venasithamby is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in this action. Further, Venasithamby satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he will fairly and adequately represent the interests of the class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pathma Venasithamby ("Venasithamby") respectfully submits this memorandum of law in support of his motion pursuant to Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Venasithamby as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Venasithamby's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Muehlbauer Law Office, Ltd. ("Muehlbauer Law") as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

**I.    PRELIMINARY STATEMENT**

This is a class action on behalf of all persons and entities that purchased or otherwise acquired Marathon Digital Holdings, Inc. f/k/a Marathon Patent Group, Inc. ("Marathon" or the "Company") securities between October 13, 2020 and November 15, 2021, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff——*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the plaintiff or movant with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the most adequate plaintiff. This motion is made on the grounds that Venasithamby is the "most adequate plaintiff" as defined by the PSLRA.

Venasithamby has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Venasithamby satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Venasithamby respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Venasithamby's selection of GPM as Lead Counsel for the class and Muehlbauer Law as liaison counsel should be approved because the firms have substantial expertise

in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

Marathon is a digital asset technology company that mines cryptocurrencies with a focus on the blockchain ecosystem and the generation of digital assets in U.S.

In October 2020, Marathon announced the formation of a new joint venture with Beowulf Energy LLC ("Beowulf") purportedly focused on delivering low-cost power to Marathon's Bitcoin mining operations (the "Beowulf Joint Venture"). In connection with that joint venture, Marathon entered into a series of agreements with multiple parties to design and build a data center in Hardin, Montana (the "Hardin Facility"), issuing 6 million shares of its common stock to the parties of those agreements.

Soon after, on November 15, 2021, Marathon disclosed that "the Company and certain of its executives received a subpoena to produce documents and communications concerning the Hardin, Montana data center facility[,]" and advised that "the SEC may be investigating whether or not there may have been any violations of the federal securities law." On this news, Marathon's stock price fell $20.52 per share, or 27.03%, to close at $55.40 per share on November 15, 2021.

The complaint filed in this action alleges that throughout the class period Defendants failed to disclose to investors that: (i) the Beowulf Joint Venture, as it related to the Hardin Facility, implicated potential regulatory violations, including U.S. securities law violations; (ii) as a result, the Beowulf Joint Venture subjected Marathon to a heightened risk of regulatory scrutiny; (iii) the foregoing was reasonably likely to have a material negative impact on the Company's business and commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the class has suffered significant losses and damages.

---

[1] This section is adapted from the allegations in the complaint in the above-captioned action. Dkt. No. 1.

## III. ARGUMENT

### A. Venasithamby Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Venasithamby has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Venasithamby, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, Venasithamby respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Venasithamby's Motion Is Timely

Venasithamby has made a timely motion in response to a PSLRA early notice. On December 17, 2021, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Andrew R. Muehlbauer in Support of the Motion of Pathma Venasithamby for Appointment as Lead Plaintiff and Approval of Counsel ("Muehlbauer Decl."), Ex. A. Therefore, Venasithamby had sixty days (*i.e.*, until February 15, 2022) to file a motion to be appointed as Lead Plaintiff. As a purchaser of Marathon securities during the Class Period, Venasithamby is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Venasithamby attests that he has reviewed the complaint and is willing to serve as a representative of the class. *See* Muehlbauer Decl., Ex. B. Accordingly, Venasithamby satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. Venasithamby Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Venasithamby believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Venasithamby purchased Marathon securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Muehlbauer Decl., Ex. C. To the best of his knowledge, Venasithamby is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Venasithamby believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Venasithamby Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Kaplan v. Charlier, No.* 07-cv-00849, 2007 WL 9658488, at *4 (D. Nev. Dec. 3, 2007). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

#### a) Venasithamby's Claims are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." "The test for typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *In re MGM Mirage Sec. Litig.*, No. 09-cv-01558, 2010 WL 4316754, at *2 (D. Nev. Oct. 25, 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992)).

6

Here, Venasithamby's claims are typical of the claims asserted by the proposed class. Like all members of the class, Venasithamby purchased Marathon securities during the Class Period and suffered losses as a result of his transactions. Like all members of the class, Venasithamby alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Marathon's operations and financial prospects. Venasithamby's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Marathon securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Venasithamby's interests and claims are typical of the interests and claims of the class.

### b) Venasithamby Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "Courts have directed its inquiry regarding the adequacy of the movant to 'assessing whether the class representative has interests antagonistic to the class, and by assessing the capabilities and qualifications of the representative's counsel.'" *Kaplan v. Charlier*, No. 07-cv-00849, 2007 WL 9658488, at *4 (D. Nev. Dec. 3, 2007) (citation omitted).

Here, Venasithamby easily satisfies the adequacy requirements. Venasithamby's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Venasithamby is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Venasithamby has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Muehlbauer Decl., Exs. D & E (the firms' résumés). In addition, Venasithamby is not aware of any conflict between his claims and those asserted on behalf of the class.

There are no facts that indicated any conflicts of interests between Venasithamby and the other class members, and therefore Venasithamby satisfies the typicality and adequacy requirements of Rule 23.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Venasithamby has selected GPM as lead counsel and Muehlbauer Law as liaison counsel for the class. As reflected by the firm's résumé, attached to the Muehlbauer Decl. as Exs. D & E, the Court may be assured that, by granting Venasithamby's Motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Venasithamby's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Pathma Venasithamby respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Venasithamby as Lead Plaintiff; (2) approving Venasithamby's selection of GPM as Lead Counsel and Muehlbauer Law as Liaison Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  February 15, 2022           Respectfully submitted,

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

**GLANCY PRONGAY & MURRAY LLP**
Charles Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Plaintiff and Lead Plaintiff Movant Pathma Venasithamby*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On February 15, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 15, 2022, at Las Vegas, Nevada.

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer, Esq