1

**THE O'MARA LAW FIRM, P.C.**
David C. O'Mara
2
311 East Liberty St.
Reno, Nevada 89501
3
Tel: 775-323-1321
Fax: 775-323-4082
4
Email: david@omaralaw.net

5
**LEVI & KORSINSKY, LLP**
Adam M. Apton
6
55 Broadway, 10th Floor
New York, NY 10006
7
Tel: (212) 363-7500
Fax: (212) 363-7171
8
Email: aapton@zlk.com

9
*Attorneys for Movant Cory Jay Wiedel*

10
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

11

TAD SCHLATRE, Individually and on    Case No. 2:21-cv-02209-RFB-NJK
12
Behalf of All Others Similarly Situated,

13
                    Plaintiff,               **MEMORANDUM OF POINTS AND**
**AUTHORITIES IN FURTHER SUPPORT**
14
v.                                     **OF CORY JAY WIEDEL'S MOTION FOR**
**APPOINTMENT AS LEAD PLAINTIFF**
15
MARATHON DIGITAL HOLDINGS,             **AND APPROVAL OF SELECTION OF**
INC. f/k/a MARATHON PATENT            **COUNSEL AND IN OPPOSITION TO ALL**
16
GROUP, INC., MERRICK D.               **COMPETING MOTIONS**
OKAMOTO, FREDERICK G. THIEL,
17
and SIMEON SALZMAN,                    **HEARING REQUESTED**

18
                    Defendants.

19

20

21

22

23

24

25

26

27

28

# **<u>TABLE OF CONTENTS</u>**

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   ARGUMENT ......................................................................................................... 2

    A.  Mr. Wiedel is the Presumptive Lead Plaintiff ................................................. 2

       1.  Mr. Wiedel Has the Largest Financial Interest in the Relief Sought by the Class ...... 2

       2.  Mr. Wiedel Has Made the Requisite Prima Facie Showing of His Typicality and Adequacy Under Rule 23 ................................................................................ 4

    B.  Mr. Marina Incorrectly Calculated His Loss. .................................................. 6

    C.  No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Wiedel as Lead Plaintiff ........................................................................................... 7

III.  CONCLUSION ..................................................................................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF CORY JAY WIEDEL'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND
IN OPPOSITION TO ALL COMPETING MOTIONS
NO. 2:21-cv-02209-RFB-NJK

1    Lead plaintiff movant Cory Jay Wiedel ("Mr. Wiedel") respectfully submits this

2    memorandum of law in opposition to all other competing lead plaintiff motions and in further

3    support of his motion ("Motion") for (i) appointment as Lead Plaintiff in the above-captioned

4    action (the "Action"); and (ii) approval of his selection of Levi & Korsinsky, LLP ("Levi &

5    Korsinsky") as Lead Counsel for the proposed Class and The O'Mara Law Firm P.C. ("O'Mara")

6    as Liaison Counsel. [1]

7    **I.    PRELIMINARY STATEMENT**

8    The Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private

9    Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear

10    directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts

11    to appoint as lead plaintiff the plaintiff "most capable of adequately representing the interests of

12    class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). That person or entity is the plaintiff or movant

13    with the "largest financial interest in the relief sought by the class" who also satisfies the

14    requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–

15    4(a)(3)(B)(iii)(I). Without any evidence from the other competing movants showing that Mr.

16    Wiedel is somehow atypical or inadequate to serve as lead plaintiff, the Court should grant his

17    motion, approving him and his chosen counsel as lead plaintiff and lead counsel, respectively.

18    Mr. Wiedel sustained a loss of $494,650.28 from trading Marathon securities during the

19    class period between October 13, 2020 and November 15, 2021, inclusive. ECF No. 1 at ¶1. The

20    other movants seeking to serve as lead plaintiff sustained losses significantly less than that of Mr.

21    Wiedel, as the following table shows:

22

23

24

25

26    [1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in the Cory Jay
Wiedel's Motion For Appointment As Lead Plaintiff And Approval Of Selection Of Counsel; And Memorandum
27    Of Points And Authorities. *See* ECF No. 11.

28

| Movant | Losses |
|--------|--------|
| Cory Jay Wiedel | $ 494,650.28 |
| | |
| Carlos Marina | $264,421.41[2] |
| | |
| Evan Dana | $ 184,571.98 |
| | |
| Pathma Venasithamby | $ 57,433.96 |
| | |
| Tad Schlatre | $ 38,529.00 |
| | |

Given that Mr. Wiedel sustained a greater loss than the other movants, there can be no dispute that Mr. Wiedel holds the "largest financial interest" in the action. Moreover, Mr. Wiedel is typical of the other class members insofar as he purchased Marathan securities during the class period at inflated prices and was damaged in the same manner as all other class members. He does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, he is ideally suited to serve as the lead plaintiff given his educational and professional background.

As explained further *infra*, Mr. Wiedel should be appointed as lead plaintiff and his choice of Levi & Korsinsky as lead counsel should be approved.

## II. ARGUMENT

### A.  Mr. Wiedel is the Presumptive Lead Plaintiff

#### 1.  Mr. Wiedel Has the Largest Financial Interest in the Relief Sought by the Class

Courts in this Circuit have considered the four factors of the *Lax/Olsten Test* when identifying the movant with the greatest financial interest: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net

---

[2] Mr. Marina's loss is adjusted to account for calculation errors he appears to have made inadvertently, as discussed in Section II.B, *infra*.

funds expended during the class period; and (4) the approximate losses suffered. *Robb*, 2016 U.S. Dist. LEXIS 62457, at *8; *Knox v. Yingli Green Energy Holding Co. Ltd.,* 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id.* (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.,* No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest). Mr. Wiedel has the largest financial interest of any competing movant in this Action by nearly **double** the closest movant's loss, or over $229,000. Similarly, Mr. Wiedel's financial interest is greater than the other movants when considering the other factors considered by the courts in this Circuit, as demonstrated below:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Cory Jay Wiedel | 68,000 | 14,750 | $1,010,134.97 | $ 494,650.28 |
| | | | | |
| Carlos Marina[3] | 598 | 0 | $670,071.41 | $264,421.41[4] |
| | | | | |
| Evan Dana | 46,223 | 17,000 | $ 784,299.08 | $ 184,571.98 |
| | | | | |
| Pathma Venasithamby | 1,800 | 1,800 | $ 129,198.32 | $ 57,433.96 |
| | | | | |
| Tad Schlatre | 3,188 | 1,002 | $ 73,877.54 | $ 38,529.00 |
| | | | | |

     Mr. Wiedel purchased 68,000 shares of Marathon, retained 14,750 shares through the end of the Class Period, expended over $1 million in net funds to purchase Marathon securities, and lost nearly $500,000. When applying each of the factors of the *Lax/Olsten Test*, Mr. Wiedel has

---

[3] Mr. Marina's first two *Lax/Olsten* factors only reflect common stock, while the last two are inclusive of his options data. Mr. Marina's gross options purchased (buy to open) were 1,150, gross options sold (sold to open) were 293 and his net options retained were 400.

[4] In his opening motion and his submitted loss calculation, Mr. Marina overstated the size of his financial interest in the litigation, claiming a loss of $473,905.41, when in fact his loss is only $264,421.41, due to a miscalculation of one of his options contracts. *See* II.B., *infra*.

1  the largest financial interest in this litigation under three of the four measures courts traditionally

2  rely on in evaluating a lead plaintiff candidate's financial interest under the PSLRA. The

3  foregoing should end the financial interest inquiry.

4          **2.  Mr. Wiedel Has Made the Requisite Prima Facie Showing of His**

5                 **Typicality and Adequacy Under Rule 23**

6          Once the movant with the largest financial interest has been established – here Mr. Wiedel

7  – the Court must next assess whether that movant, and that movant alone, has made a *prima facie*

8  showing of Rule 23. *Cavanaugh*, 306 F.3d at 732; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the

9  four prerequisites, only two - typicality and adequacy - are relevant inquiries on a motion for lead

10  plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel*

11  *Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 n.7 (N.D. Cal. May 29, 2018).

12  Here, Mr. Wiedel easily satisfies the typicality and adequacy requirements of Rule 23, triggering

13  the statutory presumption of lead plaintiff in his favor.

14          A lead plaintiff's claims are typical with the claims of the class when the plaintiff

15  purchased shares of the defendant company at prices that were artificially inflated due to the same

16  market-wide false statements relied on by other members of the class, and suffered losses in the

17  same manner as those class members as a result. *In re Aqua Metals Sec. Litig.*, 2018 U.S. Dist.

18  LEXIS 86889, at *8 ("'the test of typicality is whether other members have the same or similar

19  injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

20  whether other class members have been injured by the same course of conduct.'") (quoting *Hanon*

21  *v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

22          Mr. Wiedel's claims are typical of those of other Class members because, like other Class

23  members, he purchased Marathon securities during the Class Period at prices artificially inflated

24  by Defendants' misrepresentations and/or omissions that form the basis of the Action. Mr. Wiedel

25  suffered substantial losses as a result of the alleged fraud in the Action, and his claims are based

26  on the same legal theory that arise from the same events and course of conduct as the Class's

27  claims. *See Veal v. LendingClub Corp.*, No. 18-cv-02599-BLF, 2018 U.S. Dist. LEXIS 190912,

28

1  at *11(N.D. Cal. Nov. 7, 2018) (typicality satisfied where losses incurred by suffering damages

2  when misrepresentations or omissions came to light); *Deora v. NantHealth, Inc.,* No. CV 17-

3  01825 BRO (MRWx), 2017 U.S. Dist. LEXIS 117499, at *9 (C.D. Cal. May 31, 2017) (same).

4       The adequacy requirement of Rule 23 is satisfied when a class representative establishes

5  that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The

6  test for adequacy asks whether the lead plaintiff and his counsel 'have any conflicts of interest

7  with other class members' and whether the lead plaintiff and his counsel will 'prosecute the action

8  vigorously on behalf of the class.'" *Welgus v. TriNet Grp., Inc.*, No. 15-cv-03625-BLF, 2015 U.S.

9  Dist. LEXIS 162547, at *8 (N.D. Cal. Dec. 3, 2015) (quoting *Staton v. Boeing Co.,* 327 F.3d 938,

10  957 (9th Cir. 2003)). The adequacy requirement is met if no conflicts exist between the

11  representative's interests and those of the class, and the representative's attorneys are qualified,

12  experienced, and generally able to conduct the litigation. *Schwartz v. Opus Bank, No.* CV 16-

13  07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637, at *6-7 (C.D. Cal. Feb. 23, 2017).

14       Mr. Wiedel has demonstrated his adequacy to serve as Lead Plaintiff in this Action. First,

15  Mr. Wiedel has selected Levi & Korsinsky to serve as Lead Counsel for the Class. Levi &

16  Korsinsky is a qualified counsel with substantial experience litigating securities class actions. *See*

17  ECF No. 11-7; *see also, e.g., Isaacs v. Musk,* No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS

18  200717, at *8 (N.D. Cal. Nov. 27, 2018) (noting Levi & Korsinsky "is experienced in securities

19  fraud litigation") *recons. denied In re Tesla, Inc. Sec. Litig.,* No. 18-cv-04865-EMC, 2018 U.S.

20  Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018); *In re Aqua Metals,* 2018 U.S. Dist. LEXIS 86889,

21  at *12-13 (same).

22       Second, Mr. Wiedel possesses the largest financial interest in this Action. This will ensure

23  his vigorous and adequate prosecution of the Class's claims. *In re Aqua Metals*, 2018 U.S. Dist.

24  LEXIS 86889, at *9 (movant's "substantial financial stake in the outcome of this litigation, its

25  timely filing of its motions, and the quality of its briefing all demonstrate that it is both motivated

26  to, and capable of, vigorously pursuing this litigation.").

27       Third, Mr. Wiedel has no conflicts with other Class Members. Indeed, his interests are

28

5

1    aligned with the Class's interests of maximizing a recovery for the Class due to the alleged fraud

2    in this Action. *Ziolkowski v. Netflix, Inc.,* No. 17-cv-01070-HSG, 2017 U.S. Dist. LEXIS 91848,

3    at *9 (N.D. Cal. June 14, 2017) (adequacy satisfied where no evidence of conflict between lead

4    plaintiff and class); *see also* ECF No. 11-6.

5         Finally, Mr. Wiedel has further demonstrated his adequacy by submitting a declaration in

6    support of his Motion, attesting that he is a sophisticated investor by providing his education,

7    employment, and years of investing experience. ECF No. 11-6. Mr. Wiedel, a resident of Omaha,

8    Nebraska, possesses a Bachelor of Science in agriculture. *Id.* at ¶2.  He is also a businessman,

9    owning his own location of Smash My Trash located in Omaha, Nebraska, where he oversees two

10   employees. *Id.* Further, he has been investing in securities for 12 years. *Id.* He is knowledgeable

11   about the litigation, has experience hiring and overseeing attorneys for routine business matters,

12   and is committed and understands the obligations of a lead plaintiff under the PSLRA and plans

13   to prosecute this Action efficiently. *Id.* at ¶¶2, 4.

14   **B.  Mr. Marina Incorrectly Calculated His Loss.**

15        As noted above, Mr. Marina incorrectly calculated his financial interest in his opening

16   motion papers. Mr. Marina purports to have a loss of $473,905.41. *See* ECF Nos. 12 at p.5 & 12-

17   5. However, this loss number appears to be vastly overstated due to a miscalculation. *See* ECF

18   No. 12-5 at 5. On page 5 of the loss calculation filed by Mr. Marina, there was a calculation for

19   option contract MARA Jun 17 2022 50.0 Call. It appears that in the "SALES" columns, the 200

20   options contracts sold on 1/21/2022 were treated as common stock, rather than options (where

21   each option represents 100 shares. *i.e.,* 120 options would be 1,200 shares).[5] The total amount

22   received for these sales should have been $211,600, instead of the $2,116.00 value shown.[6] This

23   miscalculation resulted in an overstatement of Mr. Marina's losses by more than $200,000. *See*

24

25   [5] An additional error on this page appears in the text annotation under the "PURCHASES" columns. The language "40 shares at *$12.04*" should read "40 shares at *$2.04*" to be consistent with the price listed on Mr. Marina's Schedule A attached to his PSLRA certification.

26   [6] When checking Mr. Marina's losses, Mr. Wiedel's counsel treated any purchase and sale dates appearing to be in the future (a later date in 2022 that has yet to occur) as occurring in 2021. *See* ECF Nos. 12-5 at pp. 4, 7, 12 & 12-7 at pp. 3, 4.

27

28

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK

*Camp v. Qualcomm Inc.,* No. 3:18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 130746, at *6 (S.D. Cal. Aug. 5, 2019) ("[W]hile the inaccuracy in calculations may be explainable it casts sufficient doubt on plaintiff's adequacy as a representative plaintiff")(internal citations and quotations omitted); *see also Irving Firemen's Relief & Ret. Fund v. Tesco PLC,* 2015 U.S. Dist. LEXIS 38635, at *12 (S.D.N.Y. Mar. 19, 2015) (concluding that incorrect loss calculations "undermine[] [movant's] adequacy as lead plaintiff").[7]

### C. No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Wiedel as Lead Plaintiff

Importantly, because Mr. Wiedel has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Wiedel as Lead Plaintiff can only be rebutted with "proof" that Mr. Wiedel is somehow atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Cavanaugh,* 306 F.3d at 740-41 ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases). No such proof exists here. Accordingly, Mr. Wiedel is both typical and adequate and his Motion should be granted in its entirety.

### III. CONCLUSION

For the foregoing reasons, Mr. Wiedel respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Mr. Wiedel as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, (3) granting such other relief as the Court may deem just and proper; and (4) denying all other competing motions.

//

---

[7] It also bears mentioning that the vast majority of Mr. Marina's losses stem from option transactions, which arguably sets him apart from the majority of the class. *See Patel v. Reata Pharm., Inc.*, No. 4:20-CV-796-SDJ, 2021 U.S. Dist. LEXIS 132164, at *13-17 (E.D. Tex. July 15, 2021) ("the fact that Massar's losses during the Class Period were based solely on option contracts renders Massar atypical of the putative class").

1    Dated: March 1, 2022                              Respectfully submitted,

2                                                      **THE O'MARA LAW FIRM, P.C.**

3                                                      */s/ David C. O'Mara*
                                                       David C. O'Mara
4                                                      311 East Liberty St.
                                                       Reno, Nevada 89501
5                                                      Tel: 775-323-1321
                                                       Fax: 775-323-4082
6                                                      Email: david@omaralaw.net
7
                                                       *Liaison Counsel for Cory Jay Wiedel and*
8                                                      *[Proposed] Liaison Counsel for the Class*
9
                                                       **LEVI & KORSINSKY, LLP**
10                                                     Adam M. Apton*
                                                       55 Broadway, 10th Floor
11                                                     New York, NY 10006
                                                       Tel: (212) 363-7500
12                                                     Fax: (212) 363-7171
                                                       Email: aapton@zlk.com
13                                                     *pro hac vice* forthcoming
14
                                                       *Lead Counsel for Cory Jay Wiedel and [Proposed]*
15                                                     *Lead Counsel for the Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on March 1, 2022, I electronically filed the foregoing document using

3  the CM/ECF system which will send notification of such filing to the email addresses registered

4  in the CM/ECF system, as denoted on the Electronic Mail Notice List.

5                                              */s/ David C. O'Mara*
                                               David C. O'Mara
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF CORY JAY WIEDEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:21-cv-02209-RFB-NJK