ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@mlolegal.com

CHARLES H. LINEHAN (*pro hac vice forthcoming*)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Pathma Venasithamby*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAD SCHLATRE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC. f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>Defendants. | Case No. 2:21-cv-02209-RFB-NJK<br><br>**PATHMA VENASITHAMBY'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** |

Pathma Venasithamby ("Venasithamby") respectfully submits this memorandum of law in opposition to the competing motions for lead plaintiff.

## I.   PRELIMINARY STATEMENT

Five movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, the "PSLRA"). The motions were filed by Cory Jay Wiedel ("Weidel," Dkt. No. 11); Carlos Marina ("Marina," Dkt. No. 12); Evan Dana ("Dana," Dkt. No. 10); Venasithamby (Dkt. No. 13); and Tad Schlatre (Dkt. No. 13).

With respect to the lead plaintiff determination, the question presently before the Court is which of the movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

For purposes of establishing the PSLRA's "most adequate plaintiff" presumption, only the "typicality and adequacy" requirements of Rule 23 are relevant. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).   Of the four lead plaintiff movants remaining[1], only Venasithamby may be considered the most adequate plaintiff and is not subject to unique defenses.

Since Venasithamby is the bona fide movant with the largest financial interest that satisfies Rule 23, he is the most is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-

---

[1] On March 1, 2022, movant Tad Schlatre filed a notice of non-opposition and thus abandoned his motion. Dkt. No. 15.

4(a)(3)(B)(iii). Because the presumption has not been – and cannot be – rebutted, Venasithamby should be appointed lead plaintiff, and his selection of lead counsel should be approved.[2]

## II.    THE COMPETING MOVANTS ARE INADEQUATE

Each of the movants who claim larger financial losses than Venasithamby faces unique defenses that preclude their appointment. A unique defense need not be ironclad. The mere possibility that a unique defense might become the focus of the litigation and distract from the more central class-wide issues is enough to disqualify the other movants. *See In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (disqualifying a lead plaintiff movant who was merely "vulnerabl[e]" to a unique defense that may or may not be successful, reasoning that the potential for the unique defense was "sufficient to dispute his adequacy and typicality"); *In re Netflix, Inc., Sec. Litig.*, No. 12-0225, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) ("There is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial.").

Movant Weidel purchased all of his shares on the last day of the Class Period – November 15, 2021. The alleged corrective disclosure was issued before the opening of the market at 6:07 a.m. (Eastern Standard Time) on November 15, 2021, so it is likely that all of his shares were purchased *after* the disclosure of the fraud. As a result, Weidel likely has no cognizable damages in this action, which is disqualifying. *See e.g.*, *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 CIV. 4420 (PAE), 2020 WL 5548856, at *6-9 (S.D.N.Y. Sept. 16, 2020). In *Hebron*, a movant "purchased shares of Hebron exclusively on the day that news of its fraud became public, did so in the minutes surrounding its revelation, and then continued to purchase additional shares after the

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

2

disclosure allegedly caused Hebron's shares to plummet . . . ." *Id.* at *8.[3] The *Hebron* court found that the presumption had been successfully rebutted because the "cottage industry of issues surrounding [the movant's] purchase" presented "factual and legal questions about the timing and significance of [his] purchase" that "would saddle, or at least potentially saddle, his claims with unique defenses." *Id.*

      Movants Marina and Dana likewise suffer from fatal deficiencies. Marina's certification clearly contains fictitious transactions claiming that almost a dozen transactions occurred in April and November 2022. *See* Dkt. No. 12-7. This failure to submit true and accurate transaction data means Marina failed to file a valid and timely PSLRA certification, which is disqualifying. *See, e.g., Nasin v. Hongli Clean Energy Techs. Corp.*, No. CV 2:17-3244 (WJM), 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (holding "deficient certifications will subject [lead plaintiff movant] to a unique defense that renders them 'incapable of adequately representing the class' and, as a result, they are not the presumptively most adequate lead plaintiff.") (internal citation omitted); *Plaut v. Goldman Sachs Grp.*, Inc., No. 18-cv12084, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (disqualifying movant who submitted a certification that "omitted certain Class Period transactions"); *Williams v. Block.One*, No. 20-cv-2809, 2020 WL 4505569, at *1 (S.D.N.Y. Aug. 4, 2020) (rejecting lead plaintiff movants that "failed to submit all of [their] trading data" because without complete data, the court could not properly evaluate the movants' lead plaintiff motions).

      Marina also provided inaccurate loss calculations with his motion. Specifically, Marina misvalued the close of some of his largest options contracts, *i.e.*, June 17, 2022 $50 strike option. It appears that Marina did not multiply the sales and purchase price by the 100 shares the option represents, thereby overstating his losses by approximate $200,000. Such carelessness and inability to accurately represent his losses to the Court is likewise disqualifying. *Karp v. Diebold Nixdorf, Inc.,* No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (holding errors in loss calculation that took two "nearly two weeks" to correct, "militate against appointment and

---

[3] If anything, the movant in *Hebron* had a stronger argument than Weidel since that movant purchased shares contemporaneously with the disclosure while it appears that Weidel purchased his shares only after the disclosure.

render [them] inadequate to serve as lead plaintiff") (alteration in original) (internal quotation marks and citation omitted).

Dana also suffers from a fatal defect. Dana's schedule of his transactions in Marathon securities indicates that his 17,000 shares purchased on October 19, 2021 – ***the transactions that constitute his entire loss*** – were purchased a price below the daily trading range, including all pre-market and post-market trading. Dkt. No. 10-2.[4] Therefore, Dana has attested under penalty of perjury to purchasing Marathon securities at prices outside of the day's trading range. The most obvious possible explanation for this discrepancy is that his transaction schedule is inaccurate. Courts have readily denied lead plaintiff motions in the past where errors in a movant's filings caused the court to question the movant's reliability to serve as a class representative. *See, e.g., Irving Firemen's Relief and Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *2-3 (S.D.N.Y. Mar. 19, 2015) (finding that discrepancies in movant's financial data precluded the court from verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff); *Karp*, 2019 WL 5587148, at *6 (same).

### III. THE PRESUMPTION THAT PATEL VENASITHAMBY THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

As the movant with the next largest financial interest – approximately $57,000 – Venasithamby is the presumptive most adequate plaintiff. No proof has been presented that Venasithamby would be inadequate or subject to unique defenses. Moreover, he is not aware of any possible basis for such a contention. As such, Venasithamby should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

### IV. CONCLUSION

For the foregoing reasons, Pathma Venasithamby respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Venasithamby as Lead Plaintiff; (2) approving

---

[4] *See* Declaration of Andrew R. Muehlbauer, Ex. A.

Venasithamby's selection of GPM as Lead Counsel and Muehlbauer Law as Liaison Counsel for the class; and (3) denying the competing motions.

DATED: March 1, 2022                    Respectfully submitted,

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Plaintiff and Lead Plaintiff Movant Pathma Venasithamby*

5

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On March 1, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2022, at Las Vegas, Nevada.

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer, Esq