John P. Aldrich, Esq. (Resident Counsel)
Nevada State Bar #6877
Aldrich Law Firm, Ltd.
7866 West Sahara Ave.
Las Vegas, NV 89117
Tel: (702) 853-5490
jaldrich@johnaldrichlawfirm.com

*Liaison Counsel for [Proposed]*
*Lead Plaintiff Carlos Marina*

Reed R. Kathrein (to be admitted *pro hac vice*)
Lucas E. Gilmore (to be admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed]*
*Lead Plaintiff Carlos Marina*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TAD SCHLATRE, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC., f/k/a MARATHON PATENT GROUP, INC., MERRICK D. OKAMOTO, FREDERICK G. THIEL, and SIMEON SALZMAN,<br><br>Defendants. | Case No.: 2:21-cv-02209-RFB-NJK<br><br><u>CLASS ACTION</u><br><br>**CARLOS MARINA'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>ORAL ARGUMENT REQUESTED |

Carlos Marina respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff (ECF No. 12) and in reply to the competing response of movants Wiedel and Venasithamby (ECF Nos. 16 and 18).[1]

**A.  Venasithamby is Atypical As He Purchased A Substantial Portion of His Shares After the Alleged Corrective Disclosure, Thereby Subjecting Venasithamby to the Same Unique Reliance Defenses Applicable to Wiedel.**

All remaining movants (Marina, Dana and Venasithamby) agree Wiedel cannot be appointed lead plaintiff of the class, since all of his shares and claimed losses stem from purchases made on November 15, 2021, after Defendants' misrepresentation and omissions were revealed to the market (i.e., Marathon's disclosure that the Company "and certain of its executives received a subpoena to produce documents and communications concerning the Hardin, Montana data center facility," and that the SEC "may be investigating whether or not there may have been any violations of the federal securities law.")  Based on these post-disclosure purchases, all remaining movants concur that Wiedel may have no financial interest in the case, and at a minimum, is subject to unique reliance defenses rendering him atypical and inadequate to lead the class. *See* ECF Nos. 17, 18 and 19, *citing In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2020 WL 5548856, at *8 (S.D.N.Y. Sept. 16, 2020). Ironically, Venasithamby neglects to point out that nearly half of his purchases of Marathon shares for which he claims losses also occurred on November 15, 2021 ***after*** the disclosure of the pending SEC investigation. *See* ECF No. 14-3 and 14-4. Indeed, out of the total of 1800 shares purchased, 800 were after the alleged corrective disclosure on November 15, or 44.4%. Thus, for the same reasons applicable to Wiedel, Venasithamby's claimed financial interest is similarly inflated, and at a minimum, Venasithamby is atypical as his substantial post-disclosure purchases present unique reliance defenses to his claims.

---

[1] Movant Schlatre has filed a non-opposition to all competing movants (ECF No. 15). Movant Dana filed a response opposing Wiedel, but not opposing Mr. Marina, recognizing Mr. Marina's larger financial interest in the relief sought by the class. (ECF No. 17).

REPLY ISO MOTION TO APPOINT LEAD PL. AND LEAD COUNSEL
Case No. 2:21-cv-02209-RFB-NJK
011074-11/1813720 V1

-1-

**B.     Mr. Marina is the Presumptive Lead Plaintiff**

With Mr. Wiedel, Venasithamby and Schlatre removed from consideration, Mr. Marina indisputably satisfies the PSLRA's largest financial interest. As an initial matter, with losses of approximately $264,421.41[2] in connection with his Class Period purchases of Marathon securities, Mr. Marina suffered the largest losses of the remaining competing movants:

| Movant | Claimed Losses |
|---|---|
| ~~Cory Jay Wiedel~~ | ~~$494,650.28~~ |
| **Carlos Marina** | **$264,421.41** |
| Evan Dana | $184,571.98 |
| ~~Pathma Venasithamby~~ | ~~$57,433.96~~ |
| ~~Tad Schlatre~~ | ~~$38,529.00~~ |

In addition to possessing the largest financial interest of the remaining movants, Mr. Marina (as demonstrated in his opening brief and accompanying declaration, *see* ECF Nos. 12 & 12-6) readily meets the applicable adequacy and typicality requirements under Rule 23.

During this second step, "all that is required is a 'preliminary showing' that the lead plaintiff group will satisfy the 'typicality' and 'adequacy' requirements" of Rule 23. *Erikson v. Cornerstone Propane Partners LP*, 2003 WL 22232387, *3 (N.D. Cal. Sept. 15, 2003); see *Puente v. Chinacast Educ. Corp.*, 2012 WL 3731822, *3 (C.D. Cal. Aug. 22, 2012) (same). Here, no one disputes that Mr. Marina's claims are "co-extensive" with the class and thus satisfies the typicality requirement of Rule 23(a). *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998)*, overruled in part on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541 (2011) ("representative claims are 'typical' if they are reasonably co-extensive with those of absent class members").

---

[2] As explained below, Mr. Marina has corrected his claimed loss amount.

1   Mr. Marina has also satisfied Rule 23's adequacy requirement. The Ninth Circuit
2   uses a two-prong test to determine whether the representative parties meet this standard:
3   "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class
4   members and (2) will the named plaintiffs and their counsel prosecute the action vigorously
5   on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)
6   (internal quotation marks omitted); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) (lead plaintiff
7   lacks adequacy if he is "subject to unique defenses").

8   There is no evidence of conflicts between Mr. Marina and other class members.
9   Further, as explained above, Mr. Marina has a significant stake in the outcome of the instant
10  action such that it is likely that he will vigorously prosecute the claims. *See, e.g., Miami*
11  *Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, *5 (N.D. Cal. June 10,
12  2014) (appointing lead plaintiff in a securities class action where there was no evidence of
13  conflicts and the presumptive lead plaintiff had a large stake in the litigation). Mr. Marina
14  submitted a sworn certification, stating that he is "willing to serve as a representative party
15  on behalf of the class" in this action, ECF No. 12-7; (*see also* Ex. A to the Reply
16  Declaration of John P. Aldrich filed herewith, Marina Amended Certification); and a sworn
17  declaration stating that he is informed of and understands the requirements and duties
18  imposed by the PSLRA and his willingness to undertake those responsibilities. ECF No.
19  12-6. Also, Mr. Marina has hired counsel with experience in the prosecution of securities
20  class actions ( *See* ECF No. 12-3 Firm Resume of Hagens Berman Sobol Shapiro) and an
21  experienced, well-qualified local firm as liaison counsel ( *See* ECF No. 12-4 Firm Resume
22  of Aldrich Law Firm, Ltd.); *Philips v. Ford Motor Co.*, 2016 WL 7428810, *12 (N.D. Cal.
23  Dec. 22, 2016) (finding adequacy at class action certification partly because "Plaintiffs'
24  counsel has experience in prosecuting consumer protection actions involving claims similar
25  to those in the instant case.").

26
27
28

REPLY ISO MOTION TO APPOINT LEAD PL. AND LEAD COUNSEL
Case No. 2:21-cv-02209-RFB-NJK
011074-11/1813720 V1

- 3 -

### C. The Competing Movants Have No Evidence Rebutting the Presumption in Favor of Mr. Marina

Regardless, Venasithamby, who is fourth in line with claimed losses of only $57,433.96[3], and as noted above is atypical by his own admission, argues that typos and immaterial mistakes in the transcription of dates and missed 00s by Mr. Marina (as well as the next largest movant, Dana) are "proof" that Mr. Marina is inadequate. Mr. Marina respectfully submits that such innocent errors (as are corrected herein) are not "proof" that Mr. Marina will not "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

The first supposed "proof" of Mr. Marina's inadequacy is an error made by a excel auto correcting last year (2021) with this year (2022). Thus, some dates in 2021 became 2022 in the attachment to Mr. Marina's certification --- a fact all too evident for opposing counsel to see, and not misleading. As this is still early in the year, it is easy to miss such an auto correction and was a clerical error that missed the eyes of attorneys and, unfortunately, Mr. Marina as well. The error has been corrected in the attached amended certification. *See* Reply Declaration of John P. Aldrich, Ex. A.

The second supposed "proof" of inadequacy is another clerical error where in Mr. Marina's loss chart, Mr. Marina's representatives simply forgot to multiply (in the formula) option shares by 100 – an arcane way options are reported and need to be converted. While this error was also missed by counsel in the spreadsheet formula, it does not materially reduce Mr. Marina's damages since his losses are still larger than the claimed losses of Dana and Venasithamby. *See* Reply Declaration of John P. Aldrich, Ex. B. Neither Wiedel, Dana nor Venasithamby claim otherwise. Mr. Marina's losses are still **$264,421.41**.

Venasithamby chiefly argues that that these mistakes render Mr. Marina's certification defective. But as noted recently in *Blake v. Canoo Inc.*, 2022 WL 599504, at *5 (C.D. Cal. Feb. 18, 2022), it is not necessarily a statutory requirement that a certification

---

[3] Even these losses are disputable given that nearly 45% are attributed to shares likely purchased after the disclosure on November 15, 2021.

be filed in the first instance. *Citing 7 Newberg on Class Actions* § 22:49 at 335-36 (5th ed. 2017) ("There is no doubt that a putative class representative *filing a complaint* must comply with this certification requirement. However, it is sometimes the case that plaintiffs 'seeking to serve as a representative party on behalf of a class' have not filed complaints. . . . It is less immediately obvious that such movants must file this certification in conjunction with their application to serve in those positions.") (emphasis in original); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1155 (N.D. Cal. 1999) (noting that "[i]t seems strained to recast the words 'filed with the complaint' to mean 'filed with the complaint or motion'"); *Andrade v. Am. Apparel, Inc.,* 2011 WL 13130706, *12 (C.D. Cal. Mar. 15, 2011) ("[S]ince it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit [ ] a certificate, at this stage of the litigation, the adequacy of the certificate should not be the determinative factor in selecting the lead plaintiff") (quoting *Bhojwani v. Pistiolis*, 2007 WL 2197836, *8 (S.D.N.Y. July 31, 2007) (brackets in original).

Nevertheless. Mr. Marina has now corrected and amended his certification and loss calculations. *See* Reply Declaration of John P. Aldrich, Exs. A and. B.  Courts do consider amended certifications when competing movants challenge alleged defects in the original certification. See, e.g., *Tai Jan Bao v. SolarCity Corp.*, 2014 WL 3945879, *4 (N.D. Cal. Aug. 11, 2014) (finding that despite "errors in [movant's] sworn certification" and inaccuracies in his loss calculations, movant's "amended certification [was] sufficient to make a prima facie showing of typicality and adequacy, which is all that is required for [the movant] to be anointed the presumptively most adequate plaintiff"); *In re Silver Wheaton Corp. Sec. Litig.*, 2017 WL 2039171, *10 (C.D. Cal. May 11, 2017) (finding that "the plaintiffs have offered reasonable explanations for what amount to clerical errors in their prior certifications."); *In re Lyft Sec. Litig.*, 2020 WL 1043628, *6 (N.D. Cal. Mar. 4, 2020) (accepting a movant's amended certification that "identifie[d] each of the sales that [a competing movant] argue[d] were not included" in the initial certification). *Canoo* *6 (same).

1   These are chiefly mistakes of counsel, and yes, we are embarrassed. But there is no
2   "proof" undermining Mr. Marina's typicality and adequacy. Accordingly, Mr. Marina
3   should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring
4   "proof" to rebut presumption); *In re Cavanaugh*, 306 F.3d 726, 741 (9th Cir. 2002) ("[B]y
5   statute, the presumption of most adequate plaintiff may be overcome only upon proof that
6   the presumptively most adequate plaintiff 'will not fairly and adequately protect the
7   interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of
8   adequately representing the class.'").

9   Given that Mr. Marina has satisfied all the PSLRA's requirements for appointment
10  as Lead Plaintiff, and each of the remaining movants assert a smaller financial interest, *see*
11  *supra*, the Court need not consider the remaining competing motions. *Cavanaugh*, 306 F.3d
12  at 741.

13  For the reasons stated herein, Movant respectfully requests that the Court: (1)
14  appoint him as Lead Plaintiff; and (2) approve his selection of Hagens Berman (who will
15  endeavor not to make these mistakes again) as Lead Counsel and the Aldrich Law Firm,
16  Ltd. as Liaison Counsel.

DATED: March 8, 2022            ALDRICH LAW FIRM, LTD

                                By    /s/ John P. Aldrich
                                John P. Aldrich, Esq.
                                NV Bar No. 6877
                                7866 West Sahara Ave.
                                Las Vegas NV 89117
                                Tel. 702.853.5490
                                Fax. 702.227.1975
                                Email: jaldrich@johnaldrichlawfirm.com

                                *Liaison Counsel for [Proposed] Lead Plaintiff Carlos Marina*

                                Reed R. Kathrein (to be admitted *pro hac vice*)
                                Lucas E. Gilmore (to be admitted *pro hac vice*)
                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                715 Hearst Avenue, Suite 202
                                Berkeley, CA 94710
                                Telephone: (510) 725-3000
                                Facsimile: (510) 725-3001

reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (to be admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Carlos Marina and [Proposed] Lead Counsel*

REPLY ISO MOTION TO APPOINT LEAD PL. AND LEAD COUNSEL
Case No. 2:21-cv-02209-RFB-NJK
011074-11/1813720 V1

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

**ALDRICH LAW FIRM, LTD.**

*/s/John P. Aldrich*
John P. Aldrich, Esq.